UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JORDAN SHANE PHILLIPS,

    Petitioner,

v.

CONNIE HORTON,

    Respondent.

_____/

Case No. 1:18-CV-695

HON. GORDON J. QUIST

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 22, 2020, U.S. Magistrate Judge Ray Kent issued a Report and Recommendation (R. & R.) recommending that the Court deny Petitioner's habeas corpus petition and deny a certificate of appealability as to each issue raised in the petition. (ECF No. 10.) The Court has reviewed the R. & R. The R. & R. was duly served on Petitioner on January 22, 2020. Objections were due by February 5, 2020. Petitioner filed untimely objections—postmarked February 13, 2020. (ECF No. 11.) Although untimely, the Court will consider the objections.

Upon receiving objections to the R. & R., the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R. & R., the objections, and the pertinent portions of the record, the Court concludes that the R. & R. should be adopted.

Petitioner first objects to Magistrate Judge Kent's conclusion that the state court did not err when it found that there was sufficient evidence to convict Petitioner of CSC-1. Petitioner argues that "a medical examiner cannot testify that an [sic] sexual assault took place." (ECF No. 11 at PageID.354.) But, as the state court and Magistrate Judge Kent explained, "evidence of sexual penetration was established by the victim's testimony." (ECF No. 10 at PageID.343.) Petitioner has failed to show that the state court's determination was contrary to, or an unreasonable application of, clearly established federal law.

Petitioner also objects to Magistrate Judge Kent's conclusion that the state court did not err when it determined that Petitioner's defense counsel was not ineffective. Petitioner argues that his defense counsel was ineffective when he failed to admit photographs of the victim's injuries. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064 (1984). Here, the state court determined that defense counsel's decision to not admit the photographs was not deficient performance and, even if it was deficient performance, the outcome of the trial would have been the same based on the victim's testimony. Petitioner has failed to show that the state court's application of *Strickland* was unreasonable.

**THEREFORE, IT IS HEREBY ORDERED** that the January 22, 2020, Report and Recommendation (ECF No. 10) is **approved** and **adopted** as the Opinion of the Court. Petitioner's objections are **overruled**, and the habeas corpus petition is **denied**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **denied** for the reasons stated in the R. & R.

This case is **concluded**.

A separate judgment will enter.

Dated: February 26, 2020                             /s/ Gordon J. Quist
                                                                  GORDON J. QUIST
                                                       UNITED STATES DISTRICT JUDGE